On accused's petition for rehearing filed May 27, former opinion filed May 18 (293 Or 130, 645 P2d 23 (1982)), petition for rehearing denied by opinion July 7, petition for hearing again denied July 28, 1982

In re: Complaint as to the Conduct of

# GEORGE T. GANT,

*Accused.*

## (OSB 80-23, SC 28390)

647 P2d 933

---

CJS, Attorney and Client § 119.

Cameron C. Thom, of McInturff, Thom & Day, Coos Bay, for the petition.

William G. Carter, of Grant, Ferguson & Carter, Medford, contra.

PER CURIAM.

## PER CURIAM.

In our opinion in this case we stated: "* * * As late as September 1978, in conjunction with another attorney, he [Gant] had represented her [Donna Losey] in a real estate transaction and yet one month later he entered litigation against her." That was not an accurate statement. The facts were that in September 1978 Donna Losey, through her Brookings, Oregon, attorney, wrote the accused asking him "to handle the sale of some real property" in Coos Bay, Oregon. The accused said he would if she gave him written authority. The evidence is that the accused never heard from her and he did not "handle the sale for her." The important fact, however, is that in September 1978 Donna Losey requested the accused to again act as her attorney in respect to a matter in Coos Bay and he was aware of that and willing to serve in that capacity.

We awarded judgment for costs to the Oregon State Bar. In his petition for rehearing the accused asserts we erred in so doing. The accused contends the bar is not entitled to costs because it failed to file a complaint within 30 days after the appointment of counsel for the bar as Section 15 of the Rules of Procedure requires. The complaint was filed five months after the appointment of counsel. Counsel for the bar counters with the argument that the accused never made this contention until his petition for rehearing. Counsel for the bar also argues that the accused was not prejudiced by the late filing of the complaint and Section 49 of the Rules of Procedure provides that the failure of any person to meet any time requirement established by the rules will not be a ground for dismissal of the complaint unless substantial prejudice is shown.

The accused is not seeking dismissal but a reversal of a judgment for costs. The time limitations were adopted as a result of concern by the Board of Governors of the bar and this court about the long length of time taken by disciplinary proceedings. We conclude that an award of costs to the bar despite its violation of the time limitation provided in the rules and no excuse being offered for the violation would not further the policy of the bar and this court to expedite disciplinary proceedings.

The judgment suspending the accused for 30 days is affirmed, the suspension to commence July 19, 1982. The judgment for costs is withdrawn and the petition for rehearing is denied.